## No. 12,040.

JOHN LILLIE VS. MRS. ELIZABETH E. LILLIE ET AL.

Where a demand is made upon an agent to account for the rents and revenues of property under his administration, the judgment prayed for being only for the amount as shown by the account, the proper course to pursue when the answer of the defendant denies that he owes an accounting to plaintiff is to ascertain the fact whether an account is due, and if so to order the defendant to file an account within a fixed time, to which the plaintiff may, if he chooses to do so, file an opposition.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Guy M. Hornor* for Plaintiff, Appellee.

*Frank McGloin* for Defendants, Appellants.

Argued and submitted March 25, 1896.
Opinion handed down April 6, 1896.
Rehearing refused April 20, 1896.
The opinion of the court was delivered by

MCENERY, J. The plaintiff instituted this suit against the defendants, who are his mother and sister, to compel them to account for the rents and revenues of certain immovable property, in which he claimed to have an undivided third interest. The prayer is for them to account, and a judgment *in solido* for whatever sum may be found to be due him by said accounts, as they shall be finally settled by the court. To this demand the defendants answered, deny-

ing that the plaintiff was the owner of the property, and that they were under no legal obligations to account to him for the rents and revenues. On this issue the case went to trial, and the plaintiff offered evidence of ownership of the property and the value of the rents and revenues. The defendants filed no account and offered no evidence. Judgment *in solido* was rendered against the defendants for the sum of one thousand one hundred dollars ($1100).

The defendants have appealed.

The judgment against the defendants for the amount of rents and revenues was premature. The plaintiff asked for no specific amount due him. The judgment prayed for was the amount to be ascertained as due him after the filing of the account. Having found that the defendants owed an accounting to plaintiff for the administration of his property, an order should have followed this directing the defendants to file an account within a fixed time, to which the plaintiff, if he had objections to the same, could file an opposition. The plaintiff can expect no more than he has demanded in his prayer, which was simply to file an account of the administration of his property by the defendants. The evidence, we think, amply justifies an order for the filing of an account for rent and revenues of the property claimed by plaintiff from the mother, but it does not appear that the sister was the agent of the plaintiff for the administration of his property. Nor does it appear that she received any part of the rent of the property. We learn from the testimony of John T. Whittaker, the attorney at one time of Mrs. Lillie, that she was the agent of the plaintiff and his sister.

The judgment appealed from is avoided and reversed, and it is now ordered that this case be remanded to be proceeded with in due course of law, and in accordance with the views herein expressed.