## SUCCESSION OF BOWSER AND STUMP

(July 14, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. Louisiana Digest—Mandate—Par. 31, 40.

The principal has no right to withhold what is due to the agent merely because the latter failed to render an account unless, perhaps, it is alleged and proved that an account, if rendered, would show the agent indebted to the principal.

2. Louisiana· Digest—Mandate—Par. 32.

The proper course to pursue is to obtain a judgment ordering an agent to render an account within a reasonable time to which plaintiff may file an opposition.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Suit for accounting in Succession of Emeline Bowser, wife of C. Stump, and of C. Stump.

There was judgment for William Stump and Rosa, David and Ollie Stump et al appealed.

Judgment affirmed.

Dart and Dart, of New Orleans, attorneys for William Stump, appellee.

B. I. Cahn, of New Orleans, attorney for Rosa, David and Ollie Stump et al, appellants.

CLAIBORNE, J. This is a suit for an accounting.

Emeline Bowser, wife of Christopher C. Stump, died January 27th, 1901.

Christopher C. Stump died April 28th, 1924.

Their succession was opened on May 16th, 1924. By judgment rendered June 9th, 1924, their heirs were recognized and put in possession of all the property left by them and more particularly a lot of ground with improvements thereon, bearing No. 3512-14 S. Franklin Street; by consent of all the heirs this property was sold to effect a partition and the proceeds of sale were delivered to Bertrand I. Cahn for distribution; the said Bertrand I. Cahn withheld the share of the proceeds accruing to William Stump, one of the heirs, pending an accounting claimed of him of certain funds belonging to the succession arising out of his administration of the real estate mentioned above.

Whereupon, William Stump took a rule against said Cahn representing all the heirs to show cause why he should not pay him the portion of the proceeds of sale accruing to him.

To this rule Cahn made a lengthy answer in which he narrated all the facts recited above and stated moreover that the said William Stump had admitted that he had been collecting the rents of the double cottage, 3512-14 S. Franklin street, for several years prior to the death of his father, and paying taxes and repairs thereon; that William Stump agreed to furnish a statement of his administration, and never denied having money on hand to the credit of the succession; that the coheirs of said William Stump had instructed him, Cahn, not to pay William Stump until he had furnished an account; that William Stump is financially irresponsible; that his coheirs believe that he is indebted to the succession for which he owes an accounting; and that he should not receive his share until he has furnished the accounting; hence they pray that the rule of William Stump be dismissed.

After a lengthy trial the rule was made absolute and the heirs have appealed.

The amount of William's share is $249.00.

It is the duty of an agent to render an account of his agency. C. C. 3004. Croizet opposition to account of Gondrau, 12 La. Ann. 401.

But we know of no law which would justify the principal for withholding what is due to the agent merely because he has failed to render an account unless, perhaps, if it is alleged and proved that the account, if rendered, would show the agent indebted to the principal. The proper course to pursue is to obtain a judgment ordering the agent to render an account within a reasonable time to which the plaintiff could file an opposition. Lillie vs. Lillie, 48 La. Ann. 726; 19 So. 738.

In this case William Stump swears that he kept no books; that his father mortgaged the property to pay taxes; that his father gave him charge of the place; from one side they got $8 and from the other $9; whatever money he collected he turned over to his father who kept it in a box; he has no money belonging to the succession; he never agreed to furnish an account; he collected from one side of the house and his father collected from the other side, $9; he made out the rent receipts for his father.

There is no evidence to contradict William Stump's testimony. We must conclude, therefore, that he owed nothing to the succession. There is, therefore, no justification for withholding what the succession owes him.